UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EVELYN L. VANEVER,
        Plaintiff,

v.

NANCY A. BERRYHILL,
        Defendant.

---

**DECISION & ORDER**
16-cv-1034

## Preliminary Statement

Plaintiff Evelyn L. VanEver ("plaintiff" or "VanEver") brings this action pursuant to Titles II and XVI of the Social Security Act seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), which denied her application for disability insurance benefits. See Complaint (Docket # 1). Presently before the Court are competing motions for judgment on the pleadings. See Docket ## 10, 12. For the reasons explained below, plaintiff's motion for judgment on the pleadings (Docket # 10) is **granted**, the Commissioner's motion for judgment on the pleadings (Docket # 12) is **denied** and the case is remanded to the Commissioner for further proceedings.

## Background

By Decision dated May 27, 2015, the ALJ determined that plaintiff, a 46-year-old woman, suffers from the following severe impairments: vertebrogenic disorders and obesity. Administrative Record, Docket # 7 ("AR"), at 12. Further familiarity with the facts as set forth in the Administrative Law Judge's ("the ALJ")

1

decision is assumed.

Plaintiff argues that the ALJ erred by failing to incorporate the consultative evaluator's opinion that a "cane is medically necessary to keep [plaintiff's] balance and limit pain" into the Residual Functional Capacity (the "RFC"). AR at 294. For the reasons that follow, I agree that the ALJ's failure to address the implications of the opinion regarding the plaintiff's use of the cane requires remand.

In assessing disability, the Commissioner directed plaintiff to submit to a consultative evaluation by Hongbiao Liu, M.D. As part of his internal medicine examination on May 8, 2013, Dr. Liu determined that: "The claimant was walking with a cane. Occasionally she uses the cane to keep balance and limit pain. . . . In my medical opinion, the cane is medically necessary to keep her balance and limit pain." AR at 294. The ALJ referenced plaintiff's use of a cane several times in his decision and indeed noted that "Dr. Liu opined that the [cane] was medically necessary." AR at 15. (emphasis added). The ALJ afforded Dr. Liu's opinions "significant weight." AR at 17.

The RFC as determined by the ALJ incorporated the limitations expressed by Dr. Liu, finding that plaintiff has the capacity

> to perform light work as defined in 20 CFR 416.967(b) except she must be able to change positions briefly (1-2 minutes) at least every 1/2 hour; there must be no requirement to walk more than 50 yards at one time; there must be no overhead reaching; no kneeling or crawling;

2

and no climbing of stairs and ramps.

AR at 14. Despite adopting Dr. Liu's opinion, the ALJ did not mention or incorporate into the RFC the plaintiff's need to use a cane. Plaintiff claims this was clear error requiring remand. The Commissioner argues that because the ALJ's decision mentions Dr. Liu's opinion that a cane was medically necessary for plaintiff and noted plaintiff's use of a cane in his decision, the ALJ "adequately considered" plaintiff's use of a cane and no error occurred. See Def.'s Mem. of Law, Docket # 12-1, at 17-18.

## Discussion

An RFC assessment requires specific findings and, in particular, must identify a claimant's functional limitations and assess their work-related abilities on a function-by-function basis. See 20 C.F.R. § 404.1545; see also SSR 96-8p, 1996 WL 374184 (S.S.A. July 2, 1996).

One of the functional limitations that requires analysis is an individual's need for an assistive device such as a cane or a walker. Plaintiff bears the burden to establish medical necessity. Wilson v. Comm'r of Soc. Sec., No. 13-cv-643, 2014 WL 4826757, at *10-11 (N.D.N.Y. Sept. 29, 2014). Simply using a cane is insufficient to meet this burden. Shepard v. Comm'r of Soc. Sec., No. 5:16-CV-1347 (ATB), 2017 WL 5508377, at *11 (N.D.N.Y. Nov. 15, 2017). "A cane need not be prescribed to be considered medically necessary, but there must be specific medical documentation

3

establishing the need for it and the circumstances surrounding that need." Id.; see also SSR 96-9p, 1996 WL 374185 (S.S.A. July 2, 1996) (requiring "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing").

Here, there are multiple references in the record as to plaintiff's use of a cane or walker. In addition, the opinion of the consultative examiner specifically determined that plaintiff's use of a cane was "medically necessary." AR at 294. Despite this, the ALJ never specifically explained why he did not include the use of the cane in his RFC determination. This was error. "Even when a cane is not prescribed by a physician, an ALJ errs when he does not include its use in the RFC assessment and does not explain his reasons for not doing so." Newell v. Astrue, 869 F. Supp. 2d 875, 892 (N.D. Ill. 2012)(emphasis in original); see also Jones v. Comm'r of Soc. Sec., No. 1:10-CV-840, 2012 WL 967509, at *5 (W.D. Mich. Feb. 8, 2012) ("Despite acknowledging that plaintiff had been prescribed a cane a few months before the administrative hearing, the ALJ did not include the use of a cane in plaintiff's RFC and provided no explanation for this omission."), report and recommendation adopted sub nom. Jones v. Astrue, No. 1:10-CV-840, 2012 WL 967514 (W.D. Mich. Mar. 21, 2012). At the very least, the ALJ should have obtained medical clarification as to the plaintiff's need for a cane. See Johnson v. Barnhart, 312 F. Supp. 2d 415, 428 (W.D.N.Y. 2003) (remand required where the ALJ's

establishing the need for it and the circumstances surrounding that need." Id.; see also SSR 96-9p, 1996 WL 374185 (S.S.A. July 2, 1996) (requiring "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing").

Here, there are multiple references in the record as to plaintiff's use of a cane or walker. In addition, the opinion of the consultative examiner specifically determined that plaintiff's use of a cane was "medically necessary." AR at 294. Despite this, the ALJ never specifically explained why he did not include the use of the cane in his RFC determination. This was error. "Even when a cane is not prescribed by a physician, an ALJ errs when he does not include its use in the RFC assessment and does not explain his reasons for not doing so." Newell v. Astrue, 869 F. Supp. 2d 875, 892 (N.D. Ill. 2012)(emphasis in original); see also Jones v. Comm'r of Soc. Sec., No. 1:10-CV-840, 2012 WL 967509, at *5 (W.D. Mich. Feb. 8, 2012) ("Despite acknowledging that plaintiff had been prescribed a cane a few months before the administrative hearing, the ALJ did not include the use of a cane in plaintiff's RFC and provided no explanation for this omission."), report and recommendation adopted sub nom. Jones v. Astrue, No. 1:10-CV-840, 2012 WL 967514 (W.D. Mich. Mar. 21, 2012). At the very least, the ALJ should have obtained medical clarification as to the plaintiff's need for a cane. See Johnson v. Barnhart, 312 F. Supp. 2d 415, 428 (W.D.N.Y. 2003) (remand required where the ALJ's

establishing the need for it and the circumstances surrounding that need." Id.; see also SSR 96-9p, 1996 WL 374185 (S.S.A. July 2, 1996) (requiring "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing").

Here, there are multiple references in the record as to plaintiff's use of a cane or walker. In addition, the opinion of the consultative examiner specifically determined that plaintiff's use of a cane was "medically necessary." AR at 294. Despite this, the ALJ never specifically explained why he did not include the use of the cane in his RFC determination. This was error. "Even when a cane is not prescribed by a physician, an ALJ errs when he does not include its use in the RFC assessment and does not explain his reasons for not doing so." Newell v. Astrue, 869 F. Supp. 2d 875, 892 (N.D. Ill. 2012)(emphasis in original); see also Jones v. Comm'r of Soc. Sec., No. 1:10-CV-840, 2012 WL 967509, at *5 (W.D. Mich. Feb. 8, 2012) ("Despite acknowledging that plaintiff had been prescribed a cane a few months before the administrative hearing, the ALJ did not include the use of a cane in plaintiff's RFC and provided no explanation for this omission."), report and recommendation adopted sub nom. Jones v. Astrue, No. 1:10-CV-840, 2012 WL 967514 (W.D. Mich. Mar. 21, 2012). At the very least, the ALJ should have obtained medical clarification as to the plaintiff's need for a cane. See Johnson v. Barnhart, 312 F. Supp. 2d 415, 428 (W.D.N.Y. 2003) (remand required where the ALJ's

rejected the consultative evaluator's opinion regarding the use of a cane "without first attempting to obtain clarification"); see also Bee v. Colvin, No. 3:14-CV-91-MSH, 2015 WL 1456988, at *4 (M.D. Ga. Mar. 30, 2015) ("At a minimum, the ALJ should have recontacted the medical sources to fill in the gap in the record as to whether the cane Plaintiff uses has been prescribed or is required for ambulation.").

This error was not harmless. Once medical need for an assistive device has been established, the ALJ must incorporate that device into the RFC. Merely limiting the claimant to light work on account of the need for a cane does not suffice. For example, in Feringa v. Comm'r of Soc. Sec., the district court remanded where a cane was approved by medical providers and the consultative evaluator, but the ALJ's RFC did not reflect the additional limitations someone with a cane may have. No. 15-cv-785, 2016 WL 5417403 (N.D.N.Y. Sept. 9, 2016). The court explained:

> The ALJ's RFC appears to take into account, in part, the fact that plaintiff uses a cane insofar as he was to avoid climbing scaffolds, ropes, and ladders, and must have a sit/stand option. However, the RFC does not address additional possible limitations that arise for someone who requires the aid of a cane when ambulating, such as how use of a cane in one's dominant hand may impact his ability to complete some of the duties of light work, such as the ability to carry items weighing up to twenty pounds with one hand while using a cane in the other, and whether the need to use a cane in general could result in additional limitations on light work.

5

Id. at *7.

Here, the use of an assistive device might reasonably create functional limitations of its own for plaintiff, such as affecting the use of her dominant hand or her ability to carry items. See Feringa, 2016 WL 5417403, at *7. As a result, the ALJ erred by failing to address what limitations, if any, the use of a cane would cause. See Parker v. Comm'r of Soc. Sec., No. 2:16-CV-352-FTM-CM, 2017 WL 1372157, at *9 (M.D. Fla. Apr. 17, 2017) ("Because the ALJ failed to discuss the weight afforded to the consultative opinion . . . specifically with respect to Plaintiff's medical necessity for an assistive device, and further failed to discuss the effect, if any, on Plaintiff's RFC, the Court cannot conclude that the ALJ's decision is supported by substantial evidence."); Harper v. Berryhill, No. 16 C 5075, 2017 WL 1208443, at *8 (N.D. Ill. Apr. 3, 2017) ("An ALJ errs by failing to fully address the need for a cane in the RFC assessment."); Pruett v. Colvin, 85 F. Supp. 3d 1152, 1162 (N.D. Cal. 2015) (failure to specifically address medical opinion regarding need to use cane was error); Robinson v. Astrue, No. CIV S-06-2453 GGH, 2005 WL 6077067, at *9 (E.D. Cal. Mar. 7, 2005) ("Although the circumstances under which this cane must be used were not described," where it is clear that use of cane is medically justified and its use was not limited, the "ALJ must insert this limitation into the hypothetical to the vocational expert").

6

## Conclusion

For the reasons explained above, plaintiff's motion for judgment on the pleadings (Docket # 10) is **granted**, the Commissioner's motion for judgment on the pleadings (Docket # 12) is **denied** and the case is remanded for further proceedings consistent with this Decision & Order.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   September 5, 2018
         Rochester, New York